Eastern District of Kentucky
**FILED**

NOT FOR PUBLICATION OR CITATION

**JUL 1 4 2006**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-110-DLB

PATRICK MASON AVERY                                                    PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

CORRECTIONS CORPORATION
    OF AMERICA, ET AL.                                               DEFENDANTS

Patrick Mason Avery, the *pro se* plaintiff, is confined in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky. He has filed a "Motion for Relief from Judgment Or Order Pursuant to Federal Rules of Civil Procedure Rule 60." [Record No. 7]

FACTUAL HISTORY

The plaintiff was expelled from a vocational cooking class when he was confined in the Lee Adjustment Center ("LAC"). Staff determined that he had been engaging in disruptive behavior. The plaintiff administratively grieved his expulsion from the vocational cooking class through the highest level, the Commissioner of the Kentucky Department of Corrections ("KDOC"). On April 21, 2006, the Commissioner of the KDOC affirmed the plaintiff's expulsion from the program. On April 13, 2006 (prior to the Commission's decision), LAC Warden David Frye had decided that the plaintiff would be allowed to re-enter the program on April 24, 2006, on the condition that he refrain from engaging in disruptive behavior. Before the plaintiff could actually re-enter the program, he was

transferred to the LSCC. He alleged in his §1983 complaint that the transfer was retaliatory.

On June 20, 2006, after initial screening, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") dismissing the §1983 complaint [Record No. 4]. The Court first determined that the plaintiff did not have a liberty interest in participation in the vocational program and dismissed with prejudice his claims relating to the denial of good time credits. Second, the Court concluded that the plaintiff had not fully exhausted his other claim that his transfer to the LSCC was in retaliation for his having filed grievances about his expulsion from the vocational cooking class. That claim was dismissed without prejudice.

CURRENT MOTION

In his current submission, the plaintiff asserts the following new arguments: (1) that he was transferred to the LSCC in violation of KDOC Policies and Procedure ("CPP") 20.1, §II (A)(2)(g); and (2) that he has liberty interest in *educational* good time credits, as opposed to *meritorious* good time credits, which the Court discussed in the Opinion and Order.

DISCUSSION
1. Standard of Review

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud,

2

misrepresentation, or other misconduct of the adverse party.[1] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

The plaintiff failed to clearly and expressly address either of these claims in his complaint, and he fails to provide any reason for having failed to do so. In his complaint, the plaintiff made no mention of or reference to CPP 20.1 §II (A)(2)(g). Likewise, he stated in his complaint form that he had been denied 60 days of "good time" credit, but he did not state that he was claiming entitlement to *educational* good time credit under CPP 20.1, §II (C). The Court assumed that the plaintiff was referring to *meritorious* good time credit.

Technically, the plaintiff's submission does assert "newly discovered evidence," which is the criteria required under Rule 60(b). Nevertheless, in light of the plaintiff's *pro se* status, the Court will address the merits of the plaintiff's new claims.

## 2. Applicability of CPP 20.1 §§(A)(2)(g) and (C)

According to CPP 20.1, prisoners in KDOC facilities can participate in various educational programs, one of which is "Vocational-Technical Education." A subsection of CPP 20.1, §II(A)(2)(g), which governs vocational-technical education, provides as follows:

"The inmate shall not be transferred until conclusion of the term except for

---

[1]

There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

3

security reasons."

Here, the KDOC upheld the plaintiff's expulsion from the vocational-technical education program at the LAC. The LAC warden ordered the plaintiff reinstated to the program. Therefore, the plaintiff received the relief he requested in his March 24, 2006 grievance relating to his March 23, 2006 expulsion from the program: that being a decision allowing the plaintiff to be reinstated into the program effective April 24, 2006.

As noted in the Opinion and Order, the plaintiff has not, however, fully exhausted his claims which relate to his April 24, 2006 *transfer* to the LSCC. In other words, the April 24, 2006 transfer was a complained-of action which started the grievance process anew.

The following claims must be fully developed through the administrative exhaustion process:

(1)     that the *transfer* was in violation of CPP 20.1 §II(A)(2)(g) and thwarted the plaintiff's ability to complete the vocational- technical education class, which he was allowed to re-enter by order of LAC Warden David Frye;

(2)     that because KRS 197.045(1) imposes a mandatory obligation on the KDOC-- by use of the word "shall"--to award 60 days of educational credit ". . . to any prisoner who successfully receives . . . a technical education diploma as provided and defined by the department,"[2] the plaintiff had a vested liberty interest in obtaining the 60 days of

---

[2]

KRS. 197.045(1) provides as follows:
Any person convicted and sentenced to a state penal institution may receive a credit on his sentence of not exceeding ten (10) days for each month served, except as

*educational* good time credit under the provisions of CPP 20.1(2)(C);

      (3)     that the *transfer* was retaliatory, in violation of the First Amendment.

These claims may still be brought before a federal court, but only after the plaintiff fully exhausts all aspects of these claims relating to his *transfer*.

The Commissioner of the KDOC is encouraged to respond, during the administrative exhaustion process, to the plaintiff's argument concerning the restriction on inmate transfers contained in CPP 20.1,§II (A)(2)(g) and whether that applied to the plaintiff, **and** to the plaintiff's argument that KRS. 197.045(1) imposes a mandatory obligation on the KDOC to award 60 days of educational good time credit to qualified prisoners.

The Court will amend the Opinion and Order to reflect that the plaintiff's Fourteenth Amendment due process claim relating to the loss of *educational* "good time" credits is dismissed *without* prejudice.

## CONCLUSION

---

otherwise provided in this section, to be determined by the department from the conduct of the prisoner. **In addition, the department shall provide an educational good time credit of sixty (60) days to any prisoner** who successfully receives a graduate equivalency diploma or a high school diploma, a two (2) or four (4) year college degree, or a two (2) year or four (4) year certification in applied sciences, **or who receives a technical education diploma as provided and defined by the department;** prisoners may earn additional credit for each program completed. The department may forfeit any good time previously earned by the prisoner or deny the prisoner the right to earn good time in any amount if during the term of imprisonment, a prisoner commits any offense or violates the rules of the institution. {Emphasis Added}

Accordingly, it is **ORDERED** as follows:

(1)     The Memorandum Opinion and Order entered herein on June 20, 2006

[Record No. 4], is hereby  **AMENDED** to reflect that the plaintiff's Fourteenth Amendment

due process claim relating to the loss of *"educational* good time credits" is dismissed

**WITHOUT** prejudice.

(2)     The plaintiff's "Motion for Relief from Judgment Or Order Pursuant to Federal

Rules of Civil Procedure Rule 60" [Record No. 7] is **DENIED**.

This ___*13th*___ day of July, 2006.



Signed By:
David L. Bunning
United States District Judge

6